IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| O. P. HOLLIS, #075404, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:03-CV-1096-MEF |
| | ) | [WO] |
| | ) | |
| JERRY FERRELL, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| O. P. HOLLIS, #075404, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-812-MEF |
| | ) | [WO] |
| | ) | |
| JERRY FERRELL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by O. P. Hollis ["Hollis"], a state inmate, on November 3, 2003 and an amendment to the petition filed by Hollis on August 8, 2005.  In this petition, as amended, Hollis challenges a conviction for first degree theft of property entered against him by the Circuit Court of Montgomery County, Alabama on September 26, 2001.  The trial court imposed

1

a sentence of twenty years for this conviction. However, the court ordered that the sentence be split with Hollis to serve four years imprisonment and three years supervised probation.

Hollis filed a direct appeal of his theft conviction in which he argued that the trial court erred by (i) adjudging Hollis guilty and entering sentence for first degree theft of property absent arraignment, (ii) accepting a guilty plea for first degree theft of property when the factual basis for the plea supported a finding of guilt only for unauthorized use of a motor vehicle, (iii) imposing sentence under the Habitual Felony Offender Act where Hollis did not admit the prior felony convictions nor did the State provide proof of such convictions, (iv) amending the sentence on a prior case, (v) accepting petitioner's plea prior to completion and submission of a mental evaluation, and (vi) failing to give Hollis credit for time served in prior cases. On May 24, 2002, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Hollis' theft conviction. *Respondents' Exhibit D - Hollis v. State*, 860 So.2d 913 (Ala.Cr.App. 2002) (table decision). The record before this court demonstrates that Hollis did not undertake any further action in the appeal process. Specifically, he did not seek rehearing in the appellate court nor did he file a petition for writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on June 11, 2002.

On April 2, 2003, Hollis filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in which he argued that: (1) his guilty plea

was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and consequences of the plea; (2) his conviction was obtained by a coerced confession; (3) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to petitioner; (5) his conviction was obtained by a grand or petit jury which was unconstitutionally selected or impaneled (racial bias of jury); (6) counsel denied petitioner effective assistance; (7) the trial court lacked jurisdiction to impose sentence; (8) the sentence imposed exceeds that authorized by law; (9) his current custody is illegal as the sentence has expired; (10) newly discovered material facts exist which require that the conviction or sentence be vacated because counsel filed his appeal prior to completion of a mental evaluation; (11) neither the trial court nor appointed counsel advised petitioner of the effects his prior convictions would have on his sentence; (12) petitioner did not receive credit for time served in separate cases; and (13) petitioner failed to appeal within the prescribed time and that failure occurred due to a change in counsel.  On May 7, 2003, the Circuit Court of Montgomery County issued an order denying Hollis relief on the claims presented in his Rule 32 petition.  *Respondents' Exhibit K* at 58-59.

Hollis appealed this decision.  The Alabama Court of Criminal Appeals determined that Hollis raised for its review the following claims for relief:  (1) the trial court refused to allow his trial counsel to withdraw; (2) Hollis did not knowingly, voluntarily and

3

intelligently enter his guilty plea; (3) trial and appellate counsel rendered ineffective assistance; (4) the State failed to properly prove the prior convictions utilized for sentence enhancement purposes; (5) the sentence imposed exceeds that authorized by law or is not otherwise authorized by law; (6) the trial court lacked jurisdiction to render judgment and impose sentence; (7) the guilty plea was improperly entered prior to completion of petitioner's mental evaluation; (8) the Stated failed to present sufficient evidence to support his conviction; (9) the Montgomery County jury system was racially biased; (10) his arrest occurred without a warrant; (11) correctional records erroneously indicate that his sentence is consecutive to prior sentences; and (12) petitioner has not received proper credit for sentences imposed in prior cases. On August 22, 2003, the Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition. *Respondents' Exhibit N.* Hollis failed to seek review of this decision in accordance with applicable procedural rules. Consequently, the appellate court issued the certificate of judgment on September 10, 2003. *Respondents' Exhibit O.*

Hollis filed this § 2254 habeas application on November 3, 2003. In this initial petition, Hollis asserts the following claims for relief:

1.     The trial court appointed an attorney not of his choosing and forced him to accept the attorney.

2.     The trial court did not allow him to represent himself.

3.     He was arrested in Jefferson County without a

4

warrant from Montgomery County.

4.  Denial of effective assistance of counsel because counsel (i) requested that Hollis "play crazy" for his mental examination, (ii) sought compensation from Hollis in return for getting petitioner's case dismissed, and (iii) forced petitioner to plead guilty.

5.  Denied effective assistance of counsel on direct appeal.

6.  His guilty plea was unconstitutional.

7.  The trial court erred in accepting his guilty plea prior to completion of the mental evaluation.

8.  The trial court imposed a sentence not authorized by law.

9.  The conviction for first degree theft of property is void as Hollis was never arraigned for this offense.

10. No factual basis exists to support the plea for first degree theft of property.

11. The trial court erred in sentencing petitioner as a habitual offender because the State did not provide proof of the prior convictions nor was petitioner advised of the potential enhancement consequences of the prior convictions.

12. The trial court improperly amended his sentence.

13. The trial court erred in failing to award credit for time served in other prior cases with which the theft conviction ran concurrently.

5

On August 8, 2005, Hollis filed an amendment to his petition in which he asserts that:

1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and consequences of the plea.

2. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

3. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

4. Conviction obtained by a violation of the privilege against self-incrimination.

5. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

6. Denial of effective assistance of counsel because counsel failed to adequately prepare for trial and advised Hollis to "play crazy" during mental evaluation.

7. Trial court refused Hollis self-representation.

8. Trial court coerced the guilty plea by threatening a consecutive sentence.

In their answers, the respondents contend that the present habeas corpus petition is due to be denied because the claims raised therein are procedurally defaulted due to Hollis' failure to properly seek review of these claims in the state courts pursuant to the State's

6

procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).   In support of this argument, the respondents assert that the pending clams are procedurally barred from federal review because Hollis failed to properly present these claims to the Alabama Supreme Court either on direct appeal or on appeal from the denial of his Rule 32 petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002).   Specifically, the respondents contend that the petitioner's challenge to the trial court's failure to allow him to represent himself, his claims that trial counsel provided ineffective assistance because he requested that Hollis "play crazy" during the mental examination and sought compensation from Hollis, the unconstitutional search and seizure claim, and the allegation of a violation of the privilege against self-incrimination are precluded from federal review because Hollis failed to  raise these claims on direct appeal or in the Rule 32 petition.   The respondents further argue that the remaining habeas claims are procedurally defaulted due to Hollis' failure to file an application for rehearing and petition for writ of certiorari with the Alabama Supreme Court on direct appeal and/or because Hollis failed to comply with the State's procedural rules on appeal of the denial of his Rule 32 petition. *O'Sullivan*, *supra*. Based on the foregoing, this court entered orders allowing Hollis the opportunity to

respond to the procedural default arguments presented by the respondents.  *Order of January 9, 2004 - Court Doc. No. 8*; *Order of October 14, 2005 - Court Doc. No. 22*. Hollis filed nothing in response to these orders.

Upon review of the § 2254 petition, the answers of the respondents and the undisputed record of the state court proceedings, the court concludes that no evidentiary hearing is required and that the petition, as amended, is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

Hollis is procedurally defaulted on each of the claims raised in this habeas corpus action due to his failure to present these claims to the Alabama Supreme Court in a properly field petition for writ of certiorari either during direct appeal or on appeal from the denial of his Rule 32 petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).  This court may reach the merits of  procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).  Hollis has demonstrated neither cause for his failure to present his federal habeas claims to the state

courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.  Nevertheless, this court may still reach the merits of the defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence – that was
not presented at trial.

513 U.S. at 324.

Hollis has failed to make the requisite showing of actual innocence. He has
presented no evidence nor suggested that any exists which would satisfy the standard set
forth in *Schlup*. Consequently, Hollis' procedurally defaulted claims are foreclosed from
federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the
petition for habeas corpus relief filed by O. P. Hollis be denied and that this case be
dismissed with prejudice. It is further

ORDERED that on or before April 17, 2006 the parties may file objections to the
Recommendation. Any objections filed must specifically identify the findings in the
Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive
or general objections will not be considered by the District Court. The parties are advised
that this Recommendation is not a final order of the court and, therefore, it is not
appealable.

Failure to file written objections to the proposed findings and advisements in the
Magistrate Judge's Recommendation shall bar the party from a de novo determination by
the District Court of issues covered in the Recommendation and shall bar the party from
attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

11